UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ATTILA KALMAR,

    Plaintiff,

v.                                      Case No:  2:21-cv-543-JLB-MRM

RITA NOELLE BRANNING,

    Defendant.
_____

## ORDER

Plaintiff "Attila Kalmar©," proceeding pro se, has filed a Complaint titled "Jurisdictional Challenge and Notice of Void Judgment." (Doc. 1.) As best the Court can glean, Mr. Kalmar argues that this Court lacked jurisdiction over him when it sentenced Mr. Kalmar in the criminal case United States v. Kalmar, 2:17-cr-010-SPC-MRM (M.D. Fla.). (See id. at 9.) Mr. Kalmar also maintains that Defendant Rita Branning is responsible for this alleged wrong. (See id. at 8, ¶ 2.) Ms. Branning moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6) for "lack of jurisdiction, failure to state a claim, and as an impermissible shotgun pleading." (Doc. 6 at 1.) Mr. Kalmar has not filed a response and the time to do so has expired.[1] The Court agrees that the Complaint is frivolous. Accordingly, the Complaint (Doc. 1) is **DISMISSED**.

---

[1] Ms. Branning filed her motion to dismiss on August 30, 2021 and certified that she sent a copy of the motion by U.S. Mail to Mr. Kalmar's address of record. (Doc. 6 at 14.) Under Local Rule 3.01(c), this means Mr. Kalmar's response was due no later than September 20, 2021 but, to date, Mr. Kalmar has neither

DISCUSSION

I.  **Liberal Construction of Pro se Pleadings**

As noted, Mr. Kalmar is proceeding pro se. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Even so, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Thus, while the Court must liberally construe Mr. Kalmar's filing, it cannot act as his de facto counsel by rewriting the Complaint. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 566 U.S. 662 (2009).

II. **Factual Allegations**

Mr. Kalmar's Complaint is largely unintelligible and bears all the hallmarks of what has come to be known as a "sovereign citizen" pleading. See generally Patten v. Lown, No. 2:20-cv-605-JLB-MRM, 2021 WL 236630 (M.D. Fla. Jan. 25, 2021) (discussing characteristics and impropriety of sovereign citizen

---

responded nor sought an extension of time. Mr. Kalmar almost certainly has notice of the pending motion as Ms. Branning represents in her Local Rule 3.01(g) certificate that he opposes the motion to dismiss. (See Doc. 14 at 2.)

pleadings). For example, citing various provisions of the Uniform Commercial Code, Mr. Kalmar refers to himself as a "Secured Party," "NON-FICTION," "Living flesh and blood Man standing on the ground," and "Sovereign, NON-CITIZEN." (Doc. 1 at 6.) The Complaint also includes disconnected and unrelated paragraphs, like a section titled: "NOTICE OF TORT is hereby given to ANY and ALL ACTORS. NOTICE TO AGENT IS NOTICE PRINCIPLE AND NOTICE TO PRINCIPLE IS NOTICE TO AGENT." (Id. at 20–21.)

Similarly, the Complaint also includes sections titled "Rescind of Signatures and/or Contracts," "Jurisdiction Issue Defined," and "Stated Violations Being Presented Against the Respondent(s)." (Doc. 1 at 7, 12, 17.) Neither these nor the sections titled "Background and Stated Violations" and "Remedy and Relief" shed any light on what controversy, claims, or facts may be at issue as to Ms. Branning's conduct or what possible basis might exist for this Court's jurisdiction. All that can be gathered from the Complaint is that Mr. Kalmar believes this Court never had jurisdiction over him in the above-mentioned criminal case and that this is somehow Ms. Branning's fault. (See id. at 17–20.)[2] Last, Mr. Kalmar requests that the Court declare the criminal case "void from the beginning," release him from "all obligations (past and present)," award him "$25,000 per 23-minute period" of

---

[2] Mr. Kalmar seems to materially misunderstand Ms. Branning's role in the criminal case by assuming that she was either a representative of the United States during the criminal proceeding, or that Ms. Branning was one of the prosecuting attorneys in Mr. Kalmar's case. (See, e.g., Doc. 1 at 13–14, ¶ 5.) Ms. Branning was actually counsel for the Lee County Tax Collector in a related forfeiture proceeding. See Verified Petition, United States v. Kalmar, No. 2:17-cr-010-SPC-MRM (M.D. Fla. Sept. 28, 2018), ECF No. 175.

incarceration, and award "punitive damages in the amount decided solely by" Mr. Kalmar.  (Id. at 24–25.)

### III.    Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Even the most liberal construction cannot discern any cause of action or coherent supporting facts against Ms. Branning.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (discussing a frivolous pleading in the context of 28 U.S.C. § 1915(d)).

Mr. Kalmar paid the filing fee which means he is not proceeding in forma pauperis, so the Court need not screen the Complaint under 28 U.S.C. § 1915. Nevertheless, "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction." Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citation omitted), abrogated on other grounds by Neitzke, 490 U.S. 319 (1989).  The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly insubstantial,' or 'no longer open to discussion.'" Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (citations omitted). Thus, the Court has the inherent authority to dismiss even a paid complaint as frivolous.  Cf. Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 307–308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Mr. Kalmar's Complaint is so "attenuated and unsubstantial as to be absolutely devoid of merit," Hagans, 415 U.S. at 536, and is thus subject to dismissal under Federal Rule of Civil Procedure 12(b)(1).  Rule 8 requires "a short and plain statement of the grounds for the [C]ourt's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Nowhere in the Complaint does Mr. Kalmar provide such a statement—in fact, he maintains that he is "outside of the general jurisdiction of the federal government."  (Doc. 1 at 7.)  Neither a federal question nor diversity of citizenship is apparent from the Complaint's allegations.  Rather, the Complaint is "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement."  Patten, 2021 WL 236630, at *2 (quotation omitted).[3]

## IV.  Leave to Amend

Last, the Court must provide Mr. Kalmar at least one chance to amend his pleading if a more carefully drafted complaint might state a claim.  See Tie Qian v. Sec'y, Dep't of Veterans Affs., 432 F. App'x 808, 810 (11th Cir. 2011); see also Carter v. HSBC Mortg. Servs., Inc., 622 F. App'x 783, 786 (11th Cir. 2015).  In all events, even if Mr. Kalmar brought a claim arising "under the Constitution or a federal statute, it may be dismissed for lack of subject-matter jurisdiction if" that claim was "wholly insubstantial and frivolous."  Grady v. United States, 702 F. App'x 929, 931

---

[3] Mr. Kalmar's arguments, to name a few, include that the criminal proceeding identified no federal statute and did not occur before an Article III court. (Doc. 1 at 17–18.)  A review of the Court's docket in United States v. Kalmar, No. 2:17-cr-010-SPC-MRM (M.D. Fla.) readily shows why these arguments are without merit.

(11th Cir. 2017) (quoting Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998)).   The Eleventh Circuit has explained that "sovereign citizens" are those "who believe they are not subject to the jurisdiction of the courts."   See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013).   The court in Sterling further explained that "[c]ourts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."   Id. (citation omitted).   Given his frivolous legal theories, the Court finds that a more carefully drafted complaint would "not save [Mr. Kalmar's] claims."   Trevino v. Florida, 687 F. App'x 861, 862 (11th Cir. 2017) (affirming district court's sua sponte dismissal of sovereign citizen's complaint as frivolous, without leave to amend).

Accordingly, Ms. Branning's motion to dismiss (Doc. 6) is **GRANTED IN PART** to the extent that the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as frivolous.   The Clerk of Court is **DIRECTED** to terminate any deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on October 18, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE